Supreme Court

In the Matter of Richard A. Pacia.                     No. 2014-104 M.P.


**O R D E R**

This matter is before the Court on a petition for reinstatement to the practice of law filed by Richard A. Pacia (petitioner). On March 24, 2009 the petitioner resigned from the practice of law in this state. He had been an active member of the bar for thirty years prior to that date, and had no prior disciplinary history. He was also a respected member of the bar, and at the time he resigned he was serving as President of the Rhode Island Bar Association, a position from which he also resigned.

Article III, Rule 23 of the Supreme Court Rules of Disciplinary Procedure, entitled "Resignation," provides, in pertinent part: "If a resigned member desires reinstatement, he or she shall proceed as provided for in Rule 16." Article III, Rule 16 of the Supreme Court Rules of Disciplinary Procedure, entitled "Reinstatement," is the procedural rule applicable to reinstatement applications of suspended or disbarred attorneys. While the petitioner has never been suspended or disbarred, he must comply with the procedural requirements of Rule 16 to be reinstated. Those requirements include the payment of a $500 filing fee payable to the Clerk of the Court and submission of a completed reinstatement questionnaire to Disciplinary Counsel. The petitioner has met those requirements. Additionally, Rule 16(d) requires that any attorney who has been disbarred or suspended for more than one year must successfully pass the Multi-state Professional Responsibility Examination (M.P.R.E.) prior to filing a petition for reinstatement. The petitioner has not done so, under the belief that this provision is not applicable to his circumstances. We recognize that there may be some arguable

1

ambiguity as to whether this provision is applicable to a resigned rather than a suspended or disbarred attorney, and we note that we have not previously addressed this precise question in a formal opinion or order of this Court. We conclude that, based on the unique circumstances presented in this reinstatement application, the petitioner should be required to achieve a passing score on the M.P.R.E. as a condition of his full reinstatement to the practice of law, and we decline to set a precedential ruling on this issue at this time. However, we will not penalize the petitioner for his good faith interpretation of the rule, and we will provide him the opportunity to pass that exam as a condition subsequent to his reinstatement.

Pursuant to Rule 16(c), a petitioner for reinstatement, whether resigned, suspended, or disbarred, has the burden of demonstrating to this Court "by clear and convincing evidence that he or she has the moral qualifications, competency and learning in law required for admission to practice law in this state and that his or her resumption of the practice of law within the state will be neither detrimental to the integrity and standing of the Bar or the administration of justice nor subversive of the public interest." Disciplinary Counsel has conducted an investigation of the petitioner as required by Article III, Rule 5(b)(4) of the Supreme Court Rules of Disciplinary Procedure, and he has submitted his report to the Court. Disciplinary Counsel has advised the Court that he has no objection to the granting of the petition for reinstatement, subject to the condition that he be reinstated under the supervision of a member of the bar of this state.

We directed the petitioner to appear before the Court at its conference on May 28, 2014 to show cause why his petition should be granted. Having heard the representations of the petitioner, his counsel, and Disciplinary Counsel and having reviewed the record, it

is our opinion that the petitioner has met the requirements to resume the practice of law. However, we believe that the circumstances of this reinstatement application require that his resumption of the practice of law be monitored by a member of the bar.

We note that the petitioner has not been publicly disciplined by this Court. However, we would be remiss if we failed to address the circumstances of the petitioner's seemingly-abrupt decision to resign from both the presidency of the Bar Association and his membership in the bar. At the time of his resignation, the petitioner was the subject of an investigation by Disciplinary Counsel. That investigation was not complete, but the petitioner recognized that he faced possible formal disciplinary charges and public opprobrium as a result of both his conduct and his position. He resigned to save both himself and the bar from embarrassment.

Disciplinary Counsel subsequently completed his investigation into allegations of misconduct by the petitioner. That investigation revealed substantial discrepancies in the petitioner's client account, resulting in a shortfall of funds which he should have been retaining for clients and third parties. However, that shortfall was not the result of intentional misappropriation of funds on the part of the petitioner. Rather, the investigation revealed serious mismanagement and a lack of oversight of his accounts that bordered on recklessness. Additionally, the petitioner was also named as a defendant in several civil actions alleging legal malpractice. Those matters have been resolved, and there are no financial claims outstanding against petitioner.

The disciplinary board reviewed the petitioner's conduct in those matters, and concluded that the imposition of private letters of reprimand was a sufficient sanction to impose. A major factor in the board's decision was that the petitioner had been

voluntarily removed from the practice of law for more than five years, a period in excess of any discipline that he may have received had formal charges been filed.

The petitioner has never been charged with criminal conduct and, as previously noted, has no prior disciplinary history. He was an active member of the bar association, serving in many capacities, including service as an officer and organizing many continuing legal education programs. We have received many letters of support from members of the bar attesting to his integrity and competence as an attorney. We believe that he can return to the practice of law as a productive member of the bar.

Accordingly, the petition for reinstatement is hereby granted. However, petitioner's resumption of the practice of law shall be monitored for a period of two years by Anthony J. Gianfrancesco, Esquire. The petitioner shall fully cooperate with Attorney Gianfrancesco and Disciplinary Counsel regarding the monitoring of his practice, and Attorney Gianfrancesco shall submit written reports on a quarterly basis to Disciplinary Counsel regarding his review of the petitioner's practice.

Additionally, this reinstatement is subject to the condition that the petitioner take the next-available Multi-state Professional Responsibility Examination, obtain a passing score, and submit a copy of his test result to the Clerk of the Court and to Disciplinary Counsel. Failure to obtain a passing score on that examination may result in the revocation of this order of reinstatement.

Entered as an Order of this Court this 11th Day of June, 2014.

By Order,


_____/s/_____
Clerk

4



**RHODE ISLAND SUPREME COURT CLERK'S OFFICE**

*Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:**     In the Matter of Richard A. Pacia.

**CASE NO:**     No. 2014-104-M.P.

**COURT:**     Supreme Court

**DATE ORDER FILED:**     June 11, 2014

**JUSTICES:**     Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**     N/A – Court Order

**JUDGE FROM LOWER COURT**:

N/A – Court Order

**ATTORNEYS ON APPEAL:**

For Petitioner:     David Curtin, Esq.
Chief Disciplinary Counsel

For Respondent:   Anthony M. Traini, Esq.